```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

DARNELL L. BETTIS,                :

    Plaintiff,                :

vs.                               :
                                CIVIL ACTION 08-0622-M

MICHAEL J. ASTRUE,                :
Commissioner of
Social Security,                  :

    Defendant.                :


## MEMORANDUM OPINION AND ORDER

      In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 23). Oral argument was waived in this action (Doc. 25). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED**, and that this action be **DISMISSED**.

      This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was twenty-four years old, had completed a tenth-grade education (Tr. 46), and had previous work experience as an auto detailer, tree farm laborer, and concrete finisher (Doc. 13 Fact Sheet).  In claiming benefits, Plaintiff alleges disability due to seizure disorder (Doc. 13).

The Plaintiff filed an application for SSI on January 24, 2006 (Tr. 116-18).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Bettis was capable of performing his past relevant work as an automobile detailer and a tree farm laborer (Tr. 15-35).  Plaintiff requested review of the hearing decision (Tr. 14) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Bettis alleges the single claim that the ALJ improperly determined that his seizures were not a severe impairment (Doc. 13).  Defendant has

responded to—and denies—this claim (Doc. 18).

As noted, Plaintiff has raised a single claim in this action—that the ALJ improperly determined that his seizures were not a severe impairment.  In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2008).[1]  The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

In his decision, the ALJ found that Bettis had not

---

[1] "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

established that his seizures had "entailed significant work-related limitations of record for a continuous period of at least 12 months" (Tr. 26).  In reaching this decision, the ALJ pointed out that "alcoholism is a material factor contributing to the severity of the claimant's seizure disorder" (Tr. 27); Plaintiff admits this (Doc. 13, pp. 4).  The ALJ also noted that Bettis has been non-compliant with his medications and that when he has taken his medications as instructed, the seizures abated (Tr. 27-28); Plaintiff admits this as well (Doc. 13, pp. 4-5).

The ALJ then cited SSR 87-6, entitled "The Role of Prescribed Treatment in the Evaluation of Epilepsy," and noted three requirements to determine if epilepsy is the appropriate diagnosis (Tr. 28).  Those requirements are:  (1) an ongoing relationship with a treatment source; (2) a satisfactory description by the treating physician of the treatment regimen and response; and (3) "[i]n every instance, the record of anticonvulsant blood levels is required before a claim can be allowed."  SSR 87-6.  The ALJ noted that although Bettis had a treating source, Dr. Crowder with the Stanton Road Clinic, the doctor did not test blood levels (Tr. 28); the ALJ further noted that a "July 12, 2006 emergency room visit showed that the level of seizure medication in the claimant's blood was not only sub-therapeutic, it was practically nonexistent" (Tr. 25; *Cf.* Tr. 463-70).  The ALJ then rejected Dr. Crowder's diagnosis of

epilepsy, noting that the treating physician admitted that it had not been documented by clinical testing (Tr. 28; *cf.* Tr. 535); Bettis has not challenged this finding.

The ALJ then noted that Plaintiff had only been restricted from "driving, swimming alone, and operating moving machinery and to avoid heights" (Tr. 28; *cf.* Tr. 555) and pointed to SSR 85-15 which states as follows:  "A person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exists at all exertional levels."  The ALJ then found that Plaintiff was capable of performing jobs that he had done in the past (Tr. 34); Bettis has not challenged this finding.  In concluding, the ALJ found that "the claimant's seizures are well controlled when he is compliant with his medication and abstinent from alcohol and the seizures do not occur in the severity, frequency, or duration to cause the claimant any functional limitations in basic work activities.  Therefore, his alleged seizure disorder is not a severe impairment" (Tr. 29).

Though disagreeing with the ALJ's conclusion, Bettis has either admitted the correctness of the reasons he gives or not challenged them (Doc. 13, pp. 4-5).  Plaintiff's only argument is that because he functions in the borderline range of intellectual functioning, he is unable to follow a medication plan (Tr. 5).

Bettis references *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990), which has a somewhat similar factual situation.  *Lucas* can be distinguished from the facts here, though, in that the record evidence in this action demonstrates that Plaintiff's compliance with his medical regimen relieves him of the seizures.  Specifically, Plaintiff's own statements to his doctor show that when he quit drinking and took his medications, he was seizure-free for a period of seven months (Tr. 555-56).  This belies the argument made by Bettis that his borderline intellectual functioning prevented him from following his doctor's advice.  This claim is of no merit.

   Plaintiff has raised a single claim in bringing this action.  It is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

   DONE this 4th day of June, 2009.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE